**Louise Neumann, Appellee, v. Johann Neumann, Appellant.**

1. VERDICT—*when not disturbed.* A verdict not manifestly against the weight of the evidence will not be set aside on review in the absence of errors of law.

2. INSTRUCTIONS—*when omission of essential element to recov-*

*ery will not reverse.* If the omission in question is one concerning a fact not in dispute, it will not reverse.

3. INSTRUCTIONS—*when containing abstract propositions of law will not reverse.* An instruction which contains a correct abstract proposition of law will not reverse unless calculated to mislead.

Trover. Appeal from the Circuit Court of Madison county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

E. B. GLASS and D. H. MUDGE, for appellant.

SPRINGER & BUCKLEY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in trover, in the Circuit Court of Madison county, by appellee against appellant, to recover the value of two mules alleged to have been owned by appellee and to have been converted by appellant to his own use. Trial by jury. Verdict and judgment in favor of appellee for $300.

Appellant was at one time the owner of the mules in question, having bought them in St. Louis for $350. Appellee, the wife of one of appellant's sons, claims that soon after her marriage appellant gave her these mules as a wedding present. The testimony of appellee and her mother proves a consummated gift. Their testimony is denied by appellant and he is corroborated more or less by other witnesses.

The questions raised on this appeal are wholly questions of fact, except that appellant challenges the correctness of the first and third instructions given by the court on behalf of appellee.

The questions of fact were fairly submitted to the jury and we think their verdict should be accepted by this court as conclusive.

The two instructions complained of are as follows:

"1. The court instructs the jury that if you believe from the evidence that the defendant made a gift

of the two mules in question to the plaintiff and that she took possession of the mules after such gift, and if they further believe from the evidence that the defendant afterwards took the mules from the plaintiff, and if they further believe from the evidence that a demand was made on the defendant to deliver up possession of the said mules to the plaintiff, then the plaintiff has the right to recover from the defendant the value of said mules as shown by the evidence.

"3. The jury are instructed that when one person has property of another whether rightfully or wrongfully, in his possession and the owner is entitled to immediate possession of the property, then a demand for such possession by the owner and a refusal to deliver the property by the one so having it in possession is *prima facie* evidence of a wrongful conversion of the property to his own use by the latter."

Counsel claim that these instructions are misleading. While the first one is incomplete in this, that it does not contain the clause, "and that he refused or failed to do so," following the clause with respect to demand upon appellant "to deliver up possession," we think it did not and could not have misled the jury, for the reason that appellant's refusal and failure to deliver up possession of the mules was clearly proved and not denied. His claim was that he owned the mules and had a right to keep them. He did not defend on the ground that he had "delivered up possession" of the mules to appellee, nor upon the ground that he had not refused or failed to do so.

The third instruction states a correct proposition of law applicable to the evidence in this case though it is abstract in form. Such form is sometimes properly condemned as being calculated to mislead, still, it is only where it is apparent to the court that such an instruction has misled the jury, or that it probably has done so in the particular case, that a court is warranted in reversing a judgment on such grounds. Such is not the case here.

The judgment of the Circuit Court is affirmed.

*Affirmed.*